**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2011

No. 10-30124
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-223-4

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Barry Robinson appeals from the judgment of revocation of his supervised release and the sentence imposed upon revocation. He was arrested twice by local authorities and charged with the state offenses of attempted theft and monetary instrument abuse. He contends that the district court improperly relied on a ground not alleged in the rule to revoke, namely, his lying to the authorities about the episodes underlying his arrests and state charges, thus depriving him of notice of the grounds for revocation. He argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30124

court made no finding as to whether he committed the attempted theft offense, though he acknowledges that the district court found that he committed abuse of a monetary instrument.

Robinson did not raise his arguments in the district court. Our review is under the plain error standard. *See United States v. Magwood,* 445 F.3d 826, 828 (5th Cir. 2006).

Robinson's contentions hinge on his construction of the district court's remarks at his revocation hearing. The district court's commentary about Robinson's lying did not suggest that the revocation was based on lying; rather, the commentary was relevant to whether Robinson was guilty of the state offenses. *See United States v. Villareal,* 324 F.3d 319, 325 (5th Cir. 2003). Moreover, the district court commented on both of the state offenses sufficiently to make an implicit finding of guilt as to both state offenses, after hearing the testimony of a police officer and a deputy sheriff and after reading the probation officer's report on Robinson's arrests.

Robinson suggests for the first time in his reply brief that the dismissal of the state charges against him means that the district court relied on his lying as the reason for the revocation of his supervised release. This court generally will not consider issues raised for the first time in a reply brief. *United States v. Rodriguez,* 602 F.3d 346, 360 (5th Cir. 2010). We do not consider Robinson's contention.

Robinson has failed to demonstrate that the district court relied on lying as a separate ground for revocation or that the district court made no finding as to the attempted theft charge in Jefferson Parish. He has failed to demonstrate any error, plain or otherwise. *See Magwood,* 445 F.3d at 828.

AFFIRMED.

2